PER CURIAM:
Claimant Robert Palumbo and his son David Palumbo together brought this action for damage to a 1988 Ford Taurus which occurred when the vehicle encountered a large hole on a road maintained by the respondent in Ohio County. The driver of the vehicle was David Palumbo. The owner was Robert Palumbo. The Court, on its own motion, amended the style of the claim to reflect the owner as the sole claimant.
The incident giving rise to this claim occurred on March 29, 1996, at approximately 9:30 p.m. David Palumbo was driving on WV Route 88 southbound from Bethany towards Wheeling. There were several other passengers in the vehicle. The weather was rainy. Route 88 in this area is a two-lane paved road with a rock-based berm. The evidence adduced at hearing was that as Mr. Palumbo proceeded around a corner near Belle’s Lane, the vehicle struck a large hole on the edge of the pavement along the shoulder. The vehicle sustained damage to the strut housing, sway bar, and a bent wheel rim. The claimant submitted a repair estimated in the amount of $1,047.39. The claimant carried liability insurance only.
The hole in question was described as approximately four feet in breadth and approximately five and a half inches in depth. The claimant submitted into evidence several photos taken the day after the accident which established that there was an unusually large hole on the shoulder that extended into the traveled portion of the road. The respondent’s evidence was that patching work with temporary cold mix was underway along the length of Route 88 at the time of the claimant’s accident. Route 88 in this area was known to have drainage problems resulting in holes and washouts. The evidence also established that the cold mix used in 1996 was defective. There were no “Rough Road” warning signs.
It is the general rule that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). In order for the respondent to be held liable for defects of this nature the claimant must prove, by a preponderance of the evidence, that the respondent had actual or constructive notice of the defect. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The *60 Court is of the opinion that the size of this pothole is indicative of its presence for a substantial period of time. Therefore, the Court is of the opinion that the respondent, at a minimum, had constructive notice of the hole and could have installed a warning sign. The Court finds that certain items of the repair estimate submitted by the claimant were not proven to be reasonably related to this claim. Therefore, the Court makes an award in the amount of $351.79, reflecting the estimated cost of repair to the strut, sway bar, and realignment.
Award of $351.79.